ELIZABETH C. PARRELL vs. PETER KEENAN.

Norfolk. April 7, 1983. — August 3, 1983.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil,* Relief from judgment, Amendment of complaint. *District Court,* Appellate Division. *Tender.*

In an action arising out of a motor vehicle accident which resulted in a personal injury and a property damage claim, a District Court judge acted within his discretion in allowing the plaintiff's motion under Dist. Mun. Cts. R. Civ. P. 60 (b) (6) (1975) for relief from a judgment awarding her only property damages, to the exclusion of her substantial personal injury claim, where the judge found that the plaintiff's insurer had acted without her authority in executing a release and an agreement for judgment on her behalf, and that the plaintiff's motion under rule 60 (b) (6) had been brought within a reasonable time following the entry of judgment. [813-816]

There was no merit to a defendant's contention that it was a violation of Dist. Mun. Cts. R. Civ. P. 64 (c) (5) (1975) for a District Court judge, other than the judge who had granted the plaintiff's motion for relief from judgment, to act on the plaintiff's subsequent motions to amend her complaint and to assign the case for trial. [816-817]

The plaintiff in a civil action acted in a timely manner in tendering a sum of money paid to her under an agreement for judgment, so as to satisfy a judge's condition on his allowance of her motion for relief from that judgment under Dist. Mun. Cts. R. Civ. P. 60 (b) (6) (1975). [817-818]

CIVIL ACTION commenced in the District Court of East Norfolk on March 10, 1977.

The case was heard by *Shubow,* J.

*Robert D. O'Leary* for the defendant.

*Lewis C. Eisenberg* for the plaintiff.

ABRAMS, J. The defendant appeals from a determination of the Appellate Division of the District Courts on a report from a District Court judge that the defendant was liable to the plaintiff for property damage and personal injuries re-

Parrell v. Keenan.

sulting from a collision between the plaintiff's automobile and a town of Milton snow plow truck driven by the defendant. We conclude that the order dismissing the report should be affirmed.

We summarize the facts.[1] On March 16, 1976, the plaintiff was involved in a motor vehicle collision with the defendant. The defendant, an employee of the town of Milton, was traveling the wrong way on a one-way public street in Milton, plowing snow during a snow storm. The plaintiff's automobile was damaged and she incurred medical bills of $189.

In March, 1977, the plaintiff's insurance company brought an action in the District Court in the plaintiff's name, seeking to recover $1,327 for property damage to the plaintiff's vehicle resulting from the collision. See Mass. R. Civ. P. 17 (a), 365 Mass. 763 (1974). The insurance company was subrogated to the plaintiff's claims to the extent of its payment to her of property damage and medical expenses under no-fault insurance personal injury protection coverage. See G. L. c. 90, §§ 34M, 34O.

An attorney acting for the plaintiff's insurer entered into an agreement for judgment for the plaintiff in the amount of $600, and the insurance company executed a release. The town of Milton, as the defendant's employer, paid the agreed settlement of $600 to the insurer's attorney. On September 10, 1977, an agreement for judgment with an entry of judgment satisfied was filed with the District Court.

On December 5, 1977, the plaintiff, through her own attorney, commenced a second suit in the Superior Court in Norfolk County against the defendant and the town, seeking recovery for personal injuries she sustained in the accident. Subsequent to the accident the plaintiff had a permanent lump on her nose and a somewhat depressed and irregular scar approximately five to six millimeters long running vertically along the ridgeline of her nose. A surgical procedure

---

[1] These facts are set out in the District Court judge's report to the Appellate Division.

performed on an in-patient basis to correct the lump on the plaintiff's nose would cost between $3,500 and $4,000.

On December 23, 1977, the town and Keenan filed answers to this second action and set up the judgment in the first action as a defense. On November 10, 1978, the plaintiff filed a motion for relief from the judgment and to strike the agreement for judgment and judgment satisfied. After a hearing,[2] the judge allowed the motion on January 18, 1979, "on condition that $600.00 be returned to the Town of Milton," and denied the defendant's requests for rulings on the motion. The defendant sought to appeal the ruling by filing an interlocutory draft report to the Appellate Division. No action was ever taken by the motion judge on the interlocutory draft report, and the defendant never sought to establish the report before the Appellate Division.[3] Dist. Mun. Cts. R. Civ. P. 64 (e) (1975). The action which the plaintiff had initiated in the Superior Court was transferred to the District Court.

In April, 1980, the plaintiff filed two motions to amend the original complaint, initiated by the insurer in the District Court, to add counts against both the defendant and the town for her personal injuries. On August 1, 1980, another District Court judge allowed the plaintiff's motions to amend the complaint and assigned the case for trial on October 6, 1980. On August 12, 1980, the plaintiff's Superior Court action, which had been transferred to the District Court, was dismissed by that court.[4]

---

[2] The evidence consisted of the papers on file with the court including the agreement for judgment and judgment satisfied.

[3] The plaintiff filed a motion to dismiss this draft report on June 17, 1980, but no action was taken by the District Court judge on this motion.

[4] The appeal is properly before us. See G. L. c. 231, § 109. Since the plaintiff's personal injury action, which was transferred from the Superior Court to the District Court, see G. L. c. 231, § 102C, was dismissed, the defendant had no right to claim a Superior Court trial of the case, as it no longer existed. See generally G. L. c. 231, §§ 97, 102C and 104; *Pupillo* v. *New England Tel. & Tel. Co.*, 381 Mass. 714, 715 (1980); *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 139-140 (1974). Instead, the appeal is from the amended complaint originally brought in the District Court by

The defendant objected to the allowance of these motions and the assignment of the case for trial claiming that the judge's actions violated Dist. Mun. Cts. R. Civ. P. 64 (c) (5) (1975), and were erroneous both because of the judgment in the first case and because the case could not be assigned for trial until the defendant's appeal from the relief from that judgment, as set out in his motion for a draft report, was heard. The defendant also amended his original answer to assert affirmative defenses which became subjects of his appeal.

The case was ordered to trial before yet a third judge and trial began October 8, 1980. During closing argument an attorney for the plaintiff's insurance company tendered the return of the $600 settlement payment made by the town in September, 1977. The tender was not accepted. No other attempt was made to return the $600 settlement, and the defendant never objected to the plaintiff's failure to return the $600 during the pretrial proceedings.

The judge found for the plaintiff on both the property damage and personal injuries counts. He found that the plaintiff had waived the count against the town. The judge awarded the plaintiff $495 for property damage and $3,953 for her personal injuries plus interest. The judge made findings of fact in which he also found that the release executed for the plaintiff's insurance company released, if anything,

---

the insurer for property damage. The plaintiff's amendment of this complaint relates back to the original pleading. Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974). The plaintiff, by amending this original complaint, waived her right to an appeal to the Superior Court. G. L. c. 231, §§ 103, 104. See *Locke* v. *Slater*, 387 Mass. 682, 684 (1982); *Hudson* v. *Massachusetts Property Ins. Underwriting Ass'n*, 386 Mass. 450, 452 n.2 (1982).

The defendant also waived his right to remove this matter to the Superior Court. He failed to make a timely claim for trial by jury within ten days of the decision of the Appellate Division, and his motion for late filing was denied. See G. L. c. 231, § 104. The defendant, however, sought review of the District Court decision in the Appellate Division of the District Courts, G. L. c. 231, § 108, and could appeal to this court after its order dismissing the report. *Joseph Freedman Co.* v. *North Penn Transfer, Inc.*, 388 Mass. 551, 551 n.1 (1983), and *Third Nat'l Bank* v. *Continental Ins. Co.*, 388 Mass. 240, 241-242 (1983).

only the insurance company's claim and only bound the plaintiff on her claim for property damage and personal injury protection. See G. L. c. 90, §§ 34M, 34O. Further, the judge determined that "fairly read," the release applied only to the insurance company's property damage claim and its $200 personal injury protection claim.

The defendant filed a timely motion for a new trial and to amend the findings and the judgment, which was denied. Dist. Mun. Cts. R. Civ. P. 59 (1975). The defendant then claimed a report to the Appellate Division of the District Courts. The defendant claimed, and also argues on this appeal, that among other errors[5] the first judge improperly allowed the plaintiff's motion for relief from judgment, and that the second judge improperly allowed the plaintiff's motions to amend the complaint and improperly assigned the case for trial. Further, he asserts that the trial judge improperly found for the plaintiff because the insurance company's release bars the plaintiff's subsequent action for personal injuries. The Appellate Division concluded that there was no error and dismissed the report. We agree.

1. *Allowance of the plaintiff's motion for relief from judgment.* The defendant challenges the judge's allowance of the plaintiff's motion for relief from the judgment of $600 between the insurer and the defendants in the first action brought by her insurance company. The plaintiff filed her motion for relief from that judgment fourteen months later. See Dist. Mun. Cts. R. Civ. P. 60 (1975). The defendant contends that if the judge acted pursuant to rule 60 (b) (6), in granting the plaintiff relief from judgment, such an act constituted a clear abuse of discretion. The Appellate Divi-

---

[5] The defendant also challenged the denial of his requests for rulings that he was not negligent, that the plaintiff did not sustain a permanent and serious disfigurement as a result of the accident, and that based on G. L. c. 231, § 6D, the plaintiff could not recover for pain and suffering unless the medical expenses exceeded $500. The Appellate Division concluded that the judge was correct in denying these requests for rulings. On appeal, the defendant does not challenge the Appellate Division's conclusions as to these requests for rulings. Therefore, these issues are deemed waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975).

sion concluded that the judge did not abuse his discretion in granting the plaintiff relief from the judgment pursuant to rule 60 (b) (6). We agree.

Rule 60 (b)[6] authorizes relief from a final judgment in various circumstances. *Chavoor* v. *Lewis,* 383 Mass. 801, 803 (1981). However, relief under rule 60 (b) (6) is limited to instances "when the vacating of judgment is justified by some reason *other* than those stated in subdivisions (1) through (5)." *Id.* at 806. *Murphy* v. *Administrator of the Div. of Personnel Admin.,* 377 Mass. 217, 228 & n.13 (1979). *William Skillings & Assocs.* v. *Cunard Transp., Ltd.,* 594 F.2d 1078, 1081 (5th Cir. 1979).[7] In other words,

---

[6] Rule 60 (b) (1) of the Dist. Mun. Cts. R. Civ. P. (1975) authorizes a court to relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect." Subdivision (2) allows relief for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b)." Subdivision (3) allows relief for "fraud . . . misrepresentation, or other misconduct of an adverse party." Subdivision (4) allows relief if "the judgment is void," and subdivision (5) allows relief if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Dist. Mun. Cts. R. Civ. P. 60 (b) (1)-(5) (1975).

[7] The defendant contends that the grounds for the plaintiff's motion properly fall within rule 60 (b) (1) and not rule 60 (b) (6). "The reason for relief set forth in Rule 60(b) (1) cannot be the basis for relief under Rule 60(b) (6)." *Transit Cas. Co.* v. *Security Trust Co.,* 441 F.2d 788, 792 (5th Cir.), cert. denied, 404 U.S. 883 (1971). He claims that the plaintiff was "surprised" by the scope of the release and mistaken in her assumption that the insurance company's subrogation action would not bar her from bringing other action, thus making her motion for relief properly a rule 60 (b) (1) motion. While a rule 60 (b) (6) motion must be made within a reasonable time, a motion pursuant to rule 60 (b) (1) "must be made within one year following the entry of judgment. This one-year time limit cannot be extended [Dist. Mun. Cts. R. Civ. P. 6 (b)(1975)]." *Chavoor* v. *Lewis,* 383 Mass. 801, 803 (1981). Since the plaintiff brought her motion for relief from judgment approximately fourteen months after the judgment, the defendant claims it is barred.

Contrary to the defendant's assertions, the District Court judge granted the plaintiff's motion pursuant to subdivision (6) and not subdivision (1) of rule 60 (b). The insurance company had a right to seek to settle only the property damage claim to which it was subrogated. See G. L. c. 90, §§ 34M, 34O. It had no right to settle any other of the plaintiff's claims,

to prevail under rule 60 (b) (6), a party must show that there is a reason to justify the relief, and also that the reason is not within the grounds set forth in rule 60 (b) (1)-(5). A motion pursuant to rule 60 (b) (6) is addressed to the discretion of the judge, see *Trustees of the Stigmatine Fathers, Inc.* v. *Secretary of Admin. & Fin.*, 369 Mass. 562, 565-566 (1976), and the court's action "will not be reversed on appeal save for abuse." *Clarke* v. *Burkle*, 570 F.2d 824, 830 (8th Cir. 1978). See *Schulz* v. *Black*, 369 Mass. 958 (1975). Furthermore, rule 60 (b) (6) motions may be brought within a reasonable time, and the determination of what constitutes a reasonable time also is "addressed solely to the judge's discretion." *Chavoor* v. *Lewis*, 383 Mass. 801, 805 n.4 (1981). In essence, rule 60 (b) (6) vests "power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott* v. *United States*, 335 U.S. 601, 615 (1949).[8]

In considering a motion under rule 60 (b) (6), a judge may consider whether the moving party has a meritorious claim or defense, see Annot., 15 A.L.R. Fed. 193 (1973), whether extraordinary circumstances warrant relief, *Murphy* v. *Administrator of the Div. of Personnel Admin.*, *supra* at 228 n.13, and "whether the substantial rights of the parties in the matter in controversy" will be affected by granting the motion. *United States* v. *Cato Bros.*, 273 F.2d 153, 157 (4th Cir. 1959). See generally 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2869 (1973).

---

and the plaintiff is not bound when a settlement of her claim, to which her insurer was not subrogated, is reached without her permission. See, e.g., *Precious* v. *O'Rourke*, 270 Mass. 305, 307-308 (1930). Counsel for the defendant should have been equally aware that the insurer only had and only could release certain of the plaintiff's rights. Since we conclude that there was no "mistake, inadvertence, surprise, or excusable neglect" on the plaintiff's part, she correctly sought relief under rule 60 (b) (6).

[8] Since this court has adopted "comprehensive rules of civil procedure in substantially the same form as the earlier Federal Rules of Civil Procedure, the adjudged construction theretofore given to the Federal rules is to be given to our rules, absent compelling reasons to the contrary or significant differences in content." *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). See *Chavoor* v. *Lewis*, 383 Mass. 801, 806 n.5 (1981).

The trial judge found that the release and agreement for judgment were not executed by the plaintiff or with her authority. See *Precious* v. *O'Rourke,* 270 Mass. 305, 307-308 (1930). Thus, the judge could conclude that vacating the judgment was "appropriate to accomplish justice." *Klapprott* v. *United States, supra.* Further, the judge determined that the time lapse from the first judgment to the plaintiff's motion under rule 60 (b) (6) was not unreasonable, and that in the interest of justice she should be given the opportunity to pursue her personal injury claim.[9] See, e.g., *Clarke* v. *Burkle,* 570 F.2d 824 (8th Cir. 1978). By requiring the return of the $600 settlement, the judge preserved the rights of both the plaintiff and the defendant. We conclude that there is no error in the judge's determination that the motion for relief from judgment should be allowed. See *Pina* v. *McGill Dev. Corp.,* 388 Mass. 159, 166-167 (1983).

2. *Allowance of the motions to amend the complaint and assignment of the case for trial.* The defendant argues that it was a violation of Dist. Mun. Cts. R. Civ. P. 64 (c) (5) (1975), for a judge other than the judge who granted the plaintiff's motion for relief from judgment to act on the plaintiff's motions to amend her complaint and to assign the case for trial.[10] We do not agree.

---

[9] The defendant also argues that the release by the insurance company barred the plaintiff's personal injury action. See *Schuster* v. *Baskin,* 354 Mass. 137, 140-141 (1968). The trial judge found that the release was intended to apply only to the insurance company's claims, and that it released only a property damage and a $200 personal injury protection claim. Even if the release in fact was a general one, as the Appellate Division determined, and sought to extinguish the plaintiff's personal injury claim, we agree that "it is a nullity without the authority or subsequent ratification of the plaintiff." The insurance company had rights of subrogation only to the extent of its payments to the plaintiff, G. L. c. 90, §§ 34M, 34O, see *Frost* v. *Porter Leasing Corp.,* 386 Mass. 425, 426-427 (1982), and therefore it could not release all of her claims.

[10] On this appeal the defendant does not challenge the judge's allowance of the motions to amend. When the plaintiff's motion for relief from judgment was granted, there were then two separate suits, one for property damage and the other for personal injuries, arising from the same accident. Since the plaintiff cannot have two actions for the same acci-

Parrell *v*. Keenan.

The defendant does not dispute that rule 64 (c) concerns reports after the entry of judgment. Rather he relies on language in rule 64 (c) (5) that "[u]ntil the report is allowed . . . all motions and other interlocutory matters shall be heard by the trial justice" in making his claim. The defendant characterizes as the "trial justice," the judge who heard the plaintiff's motion for relief from judgment. We agree with the Appellate Division, however, that once this judge vacated the judgment, the plaintiff's case was in a pretrial posture, and rule 64 (c) (5) is inapplicable. There was, therefore, no procedural requirement that the judge who allowed the first motion hear the plaintiff's other motions.[11]

3. *Return of the $600 paid for the release and agreement for judgment.* The defendant contends that the order vacating the first judgment is void because the plaintiff did not satisfy the condition that $600 "be returned to the Town of Milton." The plaintiff tendered the sum during closing argument, and the defendant refused to accept it. The Appellate Division concluded that the tender, followed by the defendant's refusal, "is equivalent to performance." See

---

dent, see *Cousineau v. Laramee,* 388 Mass. 859 (1983); *Dearden v. Hey,* 304 Mass. 659 (1939), the judge properly granted the motion to amend the complaint for property damage to add a count for personal injuries.

[11] The defendant filed a draft report seeking review of the judge's action granting the plaintiff's motion for relief from judgment. This was a report of an interlocutory ruling; and pursuant to Dist. Mun. Cts. R. Civ. P. 64 (d) (1975), the decision to report the ruling "without delay" to the Appellate Division is committed to the judge's discretion. The motion judge never made the report final, and the defendant made no attempt to have the report established pursuant to Dist. Mun. Cts. R. Civ. P. 64 (e) (1975). The case was assigned to trial one and one-half years after the motion was allowed. On appeal, the defendant argues that the second judge, rather than allowing the plaintiff's motions to amend the complaint and assigning the case to trial, should have required the motion judge to rule on these motions. Further delay, however, would not have been in the interests of judicial economy or efficiency. Further, the defendant's interlocutory challenge to the allowance of the rule 60 (b) (6) motion is included in the posttrial report to the Appellate Division. This process was in the interest of judicial economy, as it avoided piecemeal appellate review of interlocutory rulings. See *Pollack v. Kelly,* 372 Mass. 469, 471 (1977). See also *Nesco Aluminum Sales v. Scott,* 385 Mass. 1002 (1982).

*Hepburn* v. *Auld,* 1 Cranch (5 U.S.) 321, 329-330 (1803). Consequently, the Appellate Division determined that the condition was satisfied and the first judgment properly vacated. The defendant argues that the tender was not made in a timely fashion and therefore is an inadequate substitute for performance of the condition. We do not agree.

The language the motion judge used requiring the return of the $600 does not specify when the return must be made. We agree with the defendant that there are time limitations within which a tender may be made, see *Levin* v. *Wall,* 290 Mass. 423, 425 (1935). However, we conclude that the tender prior to entry of the judgment was sufficient to satisfy the condition, and the plaintiff's recovery is not barred.[12]

The order of the Appellate Division of the District Courts dismissing the report is affirmed.[13]

*So ordered.*

---

[12] The defendant took the position that "the order vacating the Judgment was unlawful," and never sought the return of the $600. The record indicates that the parties proceeded as if the return of the $600 was stayed pending the outcome of appellate review of the allowance of the rule 60 (b) (6) motion. See Dist. Mun. Cts. R. Civ. P. 62 (1975).

[13] Although the defendant did not request it, the plaintiff indicates that the $600 should be returned to the town. We agree. Compliance with the judge's ruling vacating the first judgment requires the return of that amount. The judgment for the plaintiff entered in the District Court should be modified to reflect the fact that $600 must be returned to the town.