ISABELLE ZAROD *vs.* DONALD S. PIERCE. No. 87-1140. October 21, 1988. *Practice, Civil,* Agreement for judgment, Vacation of judgment. *Judgment,* Relief from judgment.

Although a motion pursuant to Mass.R.Civ.P. 60(b)(6), 365 Mass. 829 (1974), is addressed to the discretion of the judge, and action thereon will not be reversed on appeal except for abuse, *Parrell* v. *Keenan,* 389 Mass. 809, 815 (1983), we find an abuse of discretion here.

The motion to vacate the judgment was phrased in terms of "mistake, inadvertence and lack of understanding·of the ramifications of authorizing [the plaintiff's] attorney to enter into the stipulation of dismissal" and was filed more than one year after the judgment. The only admissible evidence before the motion judge, other than the pleadings, was an affidavit of the plaintiff's counsel.[1]

We take the facts from that affidavit, the pleadings, and the docket entries. In April, 1985, a medical malpractice tribunal found the evidence insufficient to raise a legitimate question of liability appropriate for judicial inquiry. The plaintiff posted a $2,000 bond as required by G. L. c. 231, § 60B, as then in effect. Unsuccessful in obtaining a medical opinion that the plaintiff's condition was caused by malpractice of the defendant, her counsel discussed a stipulation of dismissal with the plaintiff and her husband. Believing that the plaintiff was willing to dismiss her case against the defendant provided the $2,000 bond were returned, the plaintiff's counsel proposed such a solution to the defendant's attorney and the latter was willing to have the bond returned. The plaintiff's counsel signed the stipulation on March 31, 1986, and mailed it to the defendant's attorney. The stipulation was filed on April 4, 1986, and judgment entered on April 7, 1986.

On April 2, 1986, the plaintiff called counsel by telephone and informed him that she had changed her mind. On April 9, 1986, the plaintiff's husband asked counsel if the stipulation could be withdrawn and was informed by her counsel that it could not. On April 10, 1986, however, counsel informed the plaintiff that the stipulation could be vacated by filing a motion in her behalf. In a subsequent conversation on April 10, 1986, her counsel asked if she wanted him to proceed with the motion to vacate

---

[1] At the hearing before the judge the plaintiff spoke, but she was neither sworn nor cross-examined.

and was told not to file the motion at that time. On April 28, 1987, more than a year later, her counsel received a letter from the plaintiff requesting that a motion be filed to vacate the judgment and the stipulation. He filed the motion to vacate on May 4, 1987.

We assume for purposes of argument that the motion was brought under rule 60(b)(6) and that the time-bar of rule 60(b)(1) is therefore inapplicable. Under rule 60(b)(6), "extraordinary circumstances" must be shown to warrant relief. *Bowers* v. *Board of Appeals of Marshfield,* 16 Mass. App. Ct. 29, 33 (1983), quoting from *Ackermann* v. *United States,* 340 U.S. 193, 202 (1950). See also *Artco, Inc.* v. *DiFruscia,* 5 Mass. App. Ct. 513, 517 (1977). Even if the plaintiff's unsworn statements were properly considered by the judge in acting on the motion, his findings are insufficient to warrant relief. He found it "questionable . . . whether . . . [the] plaintiff actually wanted to dismiss her case . . . [and counsel] may not have had the authority to sign the stipulation of dismissal." This is a far different situation from that present in *Parrell* v. *Keenan,* 389 Mass. at 815, where a motion under rule 60(b)(6) was allowed. In that case an insurer was subrogated to the plaintiff's claims to the extent of its payment to her of property damage and medical expenses under no-fault insurance personal injury protection coverage. Although the insurer had a right only to settle claims for property damage, see G. L. c. 90, §§ 34M, 34O, counsel purported to release the plaintiff's personal injury claims. Counsel for the insurer was clearly unauthorized to make the settlement and, as the court noted, at 815 n.7, "[c]ounsel for the defendant should have been equally aware that the insurer only had and [therefore] only could release certain of the plaintiff's rights." Hence, the plaintiff in *Parrell* was not bound by the settlement.

Here there are no such extraordinary circumstances, and there is also no explanation for the thirteen-month delay. Moreover, there is no affidavit or even a hint that the plaintiff has a meritorious claim, or that she has been able to find a medical expert willing to testify that the defendant was negligent.

We hold, in these circumstances, that there was an abuse of discretion in allowing the plaintiff to vitiate the settlement more than a year after the entry of judgment.

*Order vacating judgment reversed.*

*Lionel H. Perlo* for the defendant.
*Alan D. Sisitsky* for the plaintiff.