Lenk, J.
After a jury trial returning a verdict on special questions, defendant Town of Danvers (“Danvers”) was found liable in tort to plaintiff Richard J. Mazzola (“Mazzola”) for the alleged negligence of Officer Patrick Ambrose (“Ambrose”) in the performance of his duties as a detail officer at Mazzola’s work site. Ambrose was hired as a detail police officer from the Town of Danvers by Tri-State, Mazzola’s employer, to regulate the flow of traffic at the intersection where Mazzola was affixing a tether wire to a set of traffic lights.
The Town of Danvers now moves to dismiss the plaintiffs negligence complaint against them claiming that §§ 10(b), (h), and (j) of the Massachusetts Tort Claims Act, M.G.L.c. 258, protect them from liability for injury caused by the negligence of their employee, Officer Ambrose, while acting within the scope of his employment. In the alternative, Danvers asserts that no reasonable jury could have concluded that there was any negligence on the part of Ambrose, given the facts at bar, and therefore judgment notwithstanding the verdict should be granted. Furthermore, not having received notice of entry of judgment in order to file a motion for judgment notwithstanding the verdict within the ten-day time period allowed, Danvers moves for relief from judgment and dismissal from this case.
The court will treat the motions before it as a motion for relief from judgment and dismissal from this case pursuant to Mass.R.Civ.P. 60(b)(6). For the following reasons, the defendant Town of Danvers’s motion will be allowed.
Background
The evidence at trial showed the following: On October 17, 1990, plaintiff Mazzola received serious injuries when a Laidlaw Waste Systems, Inc. (“Laidlaw”) truck struck the bucket of a so-called bucket truck in which Mazzola was suspended in the intersection of two streets in Danvers. Mazzola was affixing a tether wire to a set of traffic lights at the time.
Mazzola’s employer Tri-State had entered into a contract with the Town of Danvers whereby the Town would provide a police detail to regulate the flow of traffic at the work site. At the time of. the incident, Town of Danvers’s Police Officer Patrick Ambrose was assigned to a detail at the Tri-State work site. Nonetheless, the Laidlaw truck passed through the intersection, striking the bucket and catapulting the plaintiff to the ground.
The case was tried before a jury in February 1994. Danvers’s motion for a directed verdict was denied by the Court. Judgment was entered against both defendants on March 17, 1994.
Decision
The court may relieve a party from a final judgment for any reason justifying relief from the operation of the judgment. Mass.R.Civ.P. 60(b)(6). In order to prevail on a 60(b) (6) motion, a party must show that there is a reason to justify this relief, and also that the reason is not within the grounds set forth in subsections (b)(l)-(5) of the rule. Chavoor v. Lewis, 383 Mass. 801, 806 (1981).
The granting of a motion pursuant to rule 60(b)(6) is addressed to the discretion of the judge. Trustees of the Stigmatine Fathers, Inc. v. Secretary of Administration and Finance, 369 Mass. 562, 565 (1976). In reviewing the motion, a judge may consider whether the moving party has a meritorious claim or defense, whether extraordinary circumstances warrant relief and whether the substantial rights of the parties in the matter in controversy will be affected by granting the motion. Parrell v. Keenan, 389 Mass. 809, 815 (1983). Furthermore, relief from judgment may also be appropriate as a result of a later change in law, such as when a statute is amended. Clean Harbors of Braintree, Inc. v. Board of Health of Braintree, 415 Mass. 876, 884-85 (1993).
Generally, rule 60(b)(6) affords the same relief formerly available to the parties. Once the judge has vacated a judgment, the plaintiffs case is in a pretrial posture. Parrell, supra at 817. Thus, in reviewing the motion before it for relief from judgment and dismissal from this case, this court will treat the matter as if Danvers had followed its 60(b)(6) motion with a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Mass.R.Civ.P. 12(b)(6). Based on the evidence heard at trial, a 12(b)(6) motion filed by Danvers will establish a meritorious defense because the plaintiffs complaint can no longer plead a cause of action against the Town of Danvers in light of the recent amendments to the Massachusetts Tort Claims Act.
In evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inferences which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 371 Mass. 96, 98 (1977), citing Conley v. Gibson, 355 U.S. 41, *122 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, supra, at 89.
Danvers moves to dismiss Mazzola’s complaint relying upon M.G.L.c. 258, §10(b) and recent amendments to the Massachusetts Tort Claims Act, Stat. 1993, c. 495, §57(h), 57(j), and 144, effective January 14, 1994. These sections of the Massachusetts Tort Claims Act (“the Act”) provide immunity to public employers from liability for negligent or wrongful acts or omissions of their employees which the employee commits while acting within the scope of her office or employment. The purpose of these provisions is to exclude certain claims from the general liability imposed by the Massachusetts Tort Claims Act, restoring sovereign immunity in certain limited situations. Danvers argues that Counts IV and V of Mazzola’s complaint should be dismissed because they allege negligence in the performance of a discretionary function for which the Town is not liable. Under M.G.L.c. 258, §10(b), a public employer is not liable in tort for:
any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.
When the conduct which caused the injury is characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, public employers are performing “discretionary functions” and are immune from liability. Whitney v. City of Worcester, 373 Mass. 208, 218 (1977). By contrast, when the particular conduct involves the carrying out of previously established policies or plans, the actions are not “discretionary” and therefore liability may attach.
The cases following Whitney have developed different analyses of discretionary functions. Some courts hold that if well established standards exist for making the decision, the conduct is not discretionary. Cady v. Ply mouth-Carver Regional School District, 17 Mass.App.Ct. 211 (1983). Other courts focus on the degree of policy-making or planning involved to determine if the discretionary function exception applies. Horta v. Sullivan, 4 F.3d 2, 18 (1st. Cir. 1993). Ultimately, the test to determine whether the discretionary function exception applies requires deciding whether the governmental actor had any discretion at all as to what course of conduct to follow and then deciding whether the conduct involves planning or policy-making, i.e. the kind of discretion for which M.G.L.c. 258, §10(b) provides immunity from liability. Harry Stoller and Co. v. City of Lowell, 412 Mass. 139, 141 (1992). This exception does not apply to the type of judgment-oriented claim concerning the placement of orange cones or failure to direct vehicular traffic in a certain manner involved in the case at bar because this behavior does not involve the kind of discretion, i.e. conduct involving planning or policy-making, for which M.G.L.c. 258, §10(b) provides immunity.
Danvers further argues that Counts IV and V should be dismissed pursuant to recent amendments to the Massachusetts Tort Claims Act, M.G.L.c. 258, §§ 10(h) and (j), Stat. 1993, c. 495, §§57 and 144. The liability exceptions provided in Stat. 1993, c. 495, §§57 (h) and (j) are applicable to the case at bar by virtue of Stat. 1993, c. 495, §144, which provides that
Section 57 of the act shall apply to all claims upon which a final judgment has not entered, or as to which an appeal is pending or the appeal period has not expired, and to all claims upon which suit is filed after the effective date of this act.
Chapter 495 was signed into law on January 14, 1994, and thus became effective as of that date.
Through these recent amendments, municipalities are granted immunity for any claim based upon failure to provide adequate police protection unless specific assurances of safety, beyond general representations, are made and injury results in part from reliance upon those assurances. Stat. 1993, c. 495, §§57(h) and 57(j)(l). Mazzola’s allegation that Ambrose negligently failed to direct vehicular traffic around the bucket truck amounts to an allegation that Ambrose failed to adequately perform his duty to direct traffic and provide police protection. As no specific assurances of safety were made, beyond the general description of Ambrose’s duties articulated in his contract, Danvers is effectively immunized from liability for Ambrose’s actions as a detail officer.
Furthermore, §57(j) of Stat. 1993, c. 495 provides that a public employer will not be exposed to liability by
any claim based on an act or failure to act to prevent or dimmish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person on behalf of the public employer.
Mazzola’s claim that Ambrose failed to prevent the driver of the Laidlaw truck from driving into his bucket truck is in effect a claim that Ambrose failed to prevent or mitigate Laidlaw’s negligence. Ambrose was not the original cause of the tortious conduct of the Laidlaw truck. At most his actions contributed to the lack of due care exercised by the truck driver in proceeding into an intersection marked by orange cones, a police detail, and men at work. Danvers is immune from liability for any failure on the part of Ambrose to prevent or diminish the tortious conduct of Laidlaw.
*123 However, an exception to this immunity provision would apply if Ambrose had made explicit and specific assurances of safety, beyond general representations, to Mazzola, such that Mazzola’s injuries resulted in part from reliance on these assurances. Stat. 1993 c. 495, §57(j)(l). Mazzola claims that the contract between Tri-State and the Town of Danvers gave rise to just such explicit and specific assurances of safety. Consequently, Mazzola claims, subsection (j) immunity does not apply.
Subsection (j)(l) draws an important distinction, though, between general statements that public officials will provide safety measures and specific representations of safety. Joseph W. Glannon, Liability for “Public Duties” Under the Tort Claims Act: The Legislature Reconsiders the Public Duty Rule, 79 Mass.L.Rev. 17, 28 (March 1994). A representation that Officer Ambrose will safely direct traffic around the work site is precisely the type of general assurance not within the subsection (j)(l) exception. A specific representation of safety in this situation would be a statement made directly to Mazzola that he would be safe in his bucket as the Laidlaw truck proceeded through the intersection. The plaintiff does not suggest that such a representation was ever made.
As a result of the change in law arising from the 1993 amendments to the Massachusetts Tort Claims Act, Danvers is entitled to relief from judgment. The immunity provisions of Stat. 1993, c. 495, §§57(h) and 57 (j) apply to the Town of Danvers in the case at bar and thus Danvers is not liable to Mazzola for any alleged negligence of Officer Ambrose. In establishing a meritorious defense to Mazzola’s Count IV and Count V negligence claims, Danvers has demonstrated a legal and equitable basis for relief from judgment and dismissal from this case pursuant to Mass.R.Civ.R 60(b)(6).
Order
For the foregoing reasons, it is hereby ordered that defendant Town of Danvers’s Motion for Relief from Judgment and Dismissal from this Case is allowed. Damages will remain as assessed at $240,000 for Richard Mazzola and $10,000 for Kathy Mazzola with plaintiff Mazzola 43 percent negligent.