Meagher, J.
Plaintiff/appellant appeals from the denial of the trial court to grant it relief under Dist./Mun. Cts. R Civ. R, Rule 60(b)(6) from a judgment for an assessment of damages. The plaintiff/appellant claims this is an abuse of discretion.
Rule 60(b) (6) relief has been afforded aggrieved parties only when relief under Rule(b) (1) through (5) is not available. Chavoor v. Lewis, 383 Mass. 801,806 (1981). The use of Rule 60(b)(6) relief, however, has “extremely narrow and meager scope.” Tibbitts v. Wisniewski, 27 Mass. App. Ct. 729, 732 (1989), and allows trial courts “to vacate judgments whenever such action is appropriate to accomplish justice.” Parrell v. Keenan, 389 Mass. 809, 815 (1983).
Plaintiff/appellant’s motion asserted_that-it-was-eatitled-to_celief pursuant to 60(b) (6) because of the “clerk’s office failure to senrLa_t;imelv-noticAoj-iudgment after the assessment of damages.”
There were two attorneys of record in this case. The affidavit accompanying the motion states that the first lawyer’s'office did not receive notice of the court’s determination of the assessment of damages. The affiant does not assert that notice was not sent. The plaintiff/appellant has remained silent as to whether the second attorney, who was sent by the first attorney’s office, to the Assessment of Damages hearing, who filed an appearance and who appeared at that hearing, received notice.
The assessment for damages finding dated May 11, 1994, the day of the hearing, contains a note that says “notice sent.” The judgment dated May 12, 1994, one day after the hearing for Assessment of Damages, indicates that notice was sent in accord with Rule 77 (d), which rule states that mailing shall be “sufficient notice for all purposes for which notice of the entry of an order is required by these rules.”
While 60(b) (6) relief has been afforded a party who did not receive notice of an entry of judgment of default, Chavoor v. Lewis, supra at 806-807, the granting of such relief is addressed to the sound discretion of the judge. Parrell v. Keenan, supra at 815. “Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised." Bartley v. Phillips, 317 Mass. 35, 44 (1944). “An ‘abuse of discretion’ has been held to ‘consist of judicial action that no conscientious judge, acting intelligently, could honestly have taken.’” Bartley v. Phillips, supra at 43. That is not the case here.
In this case, as indicated in the file, which was available to the judge to review at the 60 (b) (6) hearing, notice was sent by the Civil Clerk’s office of both the finding of the assessment and the judgment well within 10 days.
*46 Finally, the plaintiff/appellant did not have any grounds for appeal under Dist./ Mun. Cts. R. Civ. P., Rule 64, the rule which governed appeals in May of 1994. It has not filed any requests for rulings at the Assessment of Damages hearing nor did it request and perfect a report regarding rulings on the evidence at the hearing. Therefore, no requests were denied and there was no basis for appeal.
There were sufficient reasons for the trial judge to deny the Rule 60(b)(6) motion for relief. There was no abuse of discretion.
The Appellate Division affirms the decision of the Trial Court.