The plaintiff, an inmate in the custody of the Massachusetts Department of Correction (department), appeals from an order denying her motion for relief from judgment, Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974) ( rule 60 [b] [6] ). We affirm.
Background. We summarize the relevant allegations in the complaint. The plaintiff self-identifies as a transsexual woman; she has been diagnosed with mental illnesses, including extreme gender dysphoria and gender identity disorder. Since April 15, 2013, the plaintiff has been permitted by the department to wear a hijab as part of her observance of the Baha'i faith. She also adheres to a kosher diet.
In September, 2015, the plaintiff was housed at the Souza-Baranowski Correctional Center (SBCC) in a special management unit known as the secure treatment program (STP).[3] At that time, Gregory S. Bedard was employed by the department as a consultant to the SBCC director of discipline. Jose A. Rosario was a correction officer. Deborah Reyes and Stacey Sparks were mental health professionals who were part of a "triage team" that was treating the plaintiff. Donald J. Hager was the director of SBCC's mental health services.
On August 31, 2015, the plaintiff attempted suicide. On September 21, 2015, Sparks placed the plaintiff on a mental health "crisis watch" for four days. The plaintiff was strip searched before being transported. When she refused to remove her hijab, Rosario issued a disciplinary report without going through the chain of command. Thereafter, the plaintiff was placed alone in a cell that was monitored by a department employee and illuminated twenty-four hours per day, which caused the plaintiff discomfort. She required a "C-PAP machine"[4] for obstructive sleep apnea, but, pursuant to the department's policy, the machine's power cord was not permitted in the plaintiff's cell because it could be used for self-injury. According to the complaint, the defendants knew of the plaintiff's medical issues and allowed the plaintiff to suffer in the cell.
On October 30, 2015, the plaintiff, acting pro se, filed a verified complaint in which she alleged that the defendants conspired to deny her due process of law by (1) suspending her ability to file grievances, and (2) committing her to crisis watch without access to writing instruments. The plaintiff also alleged that the forced removal of her hijab violated her constitutional right to the free exercise of religion, and that her confinement violated her right to be free from cruel and unusual punishment. The plaintiff sought (1) relief pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 2000cc-1, and G. L. c. 12, § 11I ; (2) compensatory damages of $75,000 per count; (3) punitive damages of $50,000 per count; and (4) a jury trial as to all issues.
All of the defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted, Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). The judge allowed the motions, concluding that the claims were conclusory and did not state grounds for relief. A judgment dismissing the plaintiff's complaint entered. Nearly one year later, the plaintiff sought leave to file a late notice of appeal. After that motion was denied, the plaintiff moved for relief from the judgment pursuant to rule 60 (b) (6), arguing that the judge, sua sponte, should have allowed her to amend the complaint.[5] The judge denied the rule 60 (b) (6) motion, reasoning that (1) it "does not articulate a basis to amend or any theory on which plaintiff wishes or has a right to proceed," and (2) "[t]he Court may not give legal advice to a litigant or sua sponte suggest a cause of action or procedural tactic for a pro se litigant."
Discussion. The plaintiff makes no argument on appeal regarding the denial of the rule 60 (b) (6) motion. Instead, she claims error in the underlying judgment of dismissal and asserts that counsel should have been appointed for her.[6] It is well settled that rule 60 (b) does not provide a substitute for the normal appellate process. See Jones v. Boykan, 464 Mass. 285, 291 (2013) ; Bromfield v. Commonwealth, 400 Mass. 254, 257 (1987). Indeed, "the appeal of an order denying relief under rule 60 (b) raises only the correctness of that denial, and the appellant may not attack the underlying judgment on a ground that she might have raised had she appealed." Care & Protection of Georgette, 54 Mass. App. Ct. 778, 788 n.15 (2002), S.C., 439 Mass. 28 (2003).
Although we need not pass on issues not argued in the brief, see Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975), we consider whether the judge abused his discretion in denying the rule 60 (b) (6) motion. See Parrell v. Keenan, 389 Mass. 809, 815 (1983) ("A motion pursuant to rule 60 [b] [6] is addressed to the discretion of the judge"). When determining whether 60 (b) (6) relief is warranted, we assess "whether the moving party has a meritorious claim or defense ... whether extraordinary circumstances warrant relief ... and whether the substantial rights of the parties in the matter in controversy will be affected by granting the motion." Mt. Ivy Press, L.P. v. Defonseca, 78 Mass. App. Ct. 340, 346 (2010), quoting Owens v. Mukendi, 448 Mass. 66, 72 (2006). Here, where the plaintiff failed to attach a proposed amended complaint to the rule 60 (b) (6) motion, we cannot say that the judge abused his discretion in concluding that the plaintiff did not have a meritorious claim. He was not required to rely on the plaintiff's bare assertion that she would allege "excessive use of force and denial of medical care in violation of article 26 and the 8th Amendment."
Moreover, the judge properly concluded that the plaintiff's indigence, lack of legal training, and claimed need for time to investigate the facts were not "extraordinary circumstances" justifying relief under the rule. Contrast Parrell v. Keenan, 389 Mass. at 816 (relief appropriate where release and agreement for judgment were not executed by plaintiff or with her authority); Mt. Ivy Press, L.P. v. Defonseca, 78 Mass. App. Ct. at 348 (relief appropriate where plaintiffs "alleged an extraordinary fraud that touched every part of [the defendant's] case against them and resulted in a huge verdict"). Finally, although he did not address the issue, the judge could have concluded that any prejudice resulting from the denial of the plaintiff's rule 60 (b) (6) motion "is offset by the system's important interest in finality." Owens v. Mukendi, 448 Mass. at 76.
In short, because the plaintiff "essentially used rule 60 (b) as a means of appeal when no extraordinary circumstances existed to justify relief under the rule," Jones v. Boykan, 464 Mass. at 291-292, the denial of the motion for relief from the judgment was not an abuse of discretion or other error.
Order entered November 7, 2017, denying motion for relief from judgment affirmed.

The plaintiff was subsequently transferred to the Massachusetts Correctional Institution at Norfolk.

The complaint does not explain the term C-PAP machine.

The plaintiff did not appeal from the order denying her motion to file a late notice of appeal.

We decline to address the plaintiff's argument that counsel should have been appointed because that issue was not raised in the Superior Court. See Trustees of the Stigmatine Fathers,Inc. v. Secretary of Admin. & Fin., 369 Mass. 562, 565 (1976) ("An issue cannot be raised for the first time before this court").