NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-633

ANN T. BOTELHO

vs.

MARY E. BUSCONE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On August 17, 2018, a default judgment in the amount of $91,673.45 was entered against the defendant, Mary Buscone, in the Superior Court.  In October 2023, Buscone filed a motion pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), seeking to remove the default.  A judge of the Superior Court denied the motion in a well-reasoned memorandum of decision and order.  Buscone has appealed.  For the same reasons explained by the judge, we conclude that Buscone is not entitled to relief under rule 60 (b) and, therefore, her motion was properly denied.

Background.  We need not detail all the events which have occurred during years of litigation.  For the purposes of this

appeal, it suffices to note that Buscone and the plaintiff, Ann. T. Botelho, are former business partners. The two operated a frozen yogurt business between 2012 and 2014. When that relationship deteriorated, causing the business to fail, Botelho filed for bankruptcy protection and received a Chapter 7 discharge. Then, in 2018, Botelho filed the underlying suit against Buscone for, among other things, breach of contract, breach of fiduciary duty, and fraud. Buscone, who was aware of the lawsuit and had received proper notice of it, did not appear, and a judge of the Superior Court entered a default judgment against her. At some point in 2019, Buscone agreed to pay $200 per month on the judgment. Buscone did not fulfill her agreement, and ultimately filed her own bankruptcy proceedings in the United States Bankruptcy Court for the District of Massachusetts. Botelho filed claims in the bankruptcy court to preserve her default judgment. The bankruptcy court ruled that the debt associated with the Superior Court default judgment against Buscone was exempt from discharge. After prolonged litigation in the United States District Court for the District of Massachusetts, that ruling was affirmed.

As previously noted, Buscone then filed a motion in the Superior Court under rule 60 (b) claiming that the default judgment resulted from violations of due process and abuse of process. The denial of that motion is now before us.

2

Discussion. Buscone claims that the judge abused her discretion in denying her relief under rule 60 (b). Essentially, as the judge aptly observed, Buscone seeks to be excused from her choice to pursue bankruptcy proceedings instead of pursuing relief from the default judgment. Given the passage of time, this choice effectively closed the door to relief in the Superior Court. In reaching her conclusion that Buscone was not entitled to relief, the judge thoroughly analyzed rule 60 (b) and properly determined that Buscone's claim was time barred. The motion was filed long after the one-year time limit applicable to rule 60 (b) (1) and was not filed within a reasonable time as required by rule 60 (b) (4), (5) and (6). See, e.g., Owens v. Mukendi, 448 Mass. 66, 72 (2006), quoting Parrell v. Keenan, 389 Mass. 809, 814 (1983) (motion under rule 60 [b] [6] "must be brought within a reasonable time, and a determination of what constitutes a reasonable time is . . . 'addressed solely to the judge's discretion'").[1] Furthermore, even if Buscone had filed a timely motion, she failed to set forth any meritorious reasons why the default should be removed and provided insufficient factual or legal support for her

_____

[1] Rule 60 (b) (2) and (3) are not applicable here.

3

claims.  Given these circumstances, we discern no abuse of discretion.

Order denying motion for
relief from default
judgment affirmed.

By the Court (Vuono,
Massing & Allen, JJ.[2]),

*Paul Little*

Clerk

Entered:  October 9, 2025.

---

[2] The panelists are listed in order of seniority.