Adoption of Reid.

ADOPTION OF REID.

No. 93-P-1569.

Hampden. April 6, 1995. - October 25, 1995.

Present: KASS, SMITH, & LAURENCE, JJ.

*Parent and Child*, Dispensing with parent's consent to adoption. *Adoption*,
Dispensing with parent's consent. *Practice, Civil*, Relief from judgment.

A probate judge incorrectly approved a plan for guardianship of a minor in
circumstances where the only matter pending at trial was a petition
under G. L. c. 210, § 3, to dispense with parental consent to adoption
and where no guardianship petition pursuant to G. L. c. 201, § 5, was
ever filed: the mother's motion for relief from judgment should have
been allowed and the matter was remanded for further proceedings in
light of the passage of time. [340-343]

PETITION filed in the Hampden Division of the Probate
and Family Court Department on December 17, 1990.

The case was heard by *David M. Fuller*, J., and a motion
for relief from judgment was heard by him.

*Robert B. Carlsen* for the mother.

*R. Susan Dillard* for the minor.

*Robert L. Quinan, Jr.*, for Department of Social Services.

SMITH, J. The Department of Social Services filed a peti-
tion pursuant to G. L. c. 210, § 3, to dispense with the need
for the consent of the parents to the adoption of their minor
son, Reid (a pseudonym). The mother filed an objection to
the allowance of the petition, and attorneys were appointed
for both the mother and the child.[1]

After a trial, a Probate and Family Court judge allowed
the department's petition. The mother filed a timely appeal.
The mother's trial counsel was allowed to withdraw from the

---

[1]The father was given notice of the department's petition. He did not file
any objection, did not appear at trial and is not involved in this appeal.

case, and new counsel was appointed to prepare the appeal. That counsel filed a motion for relief from judgment based on a claim that the mother had received ineffective assistance of counsel at her trial. After a hearing, the trial judge denied the motion, and the mother has appealed from the judge's action.[2]

The following facts are not disputed concerning the denial of the mother's motion for relief from judgment. Sometime after it had filed its G. L. c. 210, § 3, petition and before the trial, the department changed its goal from seeking adoption of Reid to sponsoring a guardianship petition to be filed by Reid's great aunt, Olive Gatt (a pseudonym). A joint pretrial memorandum was submitted to the court stating, among other things, that one of the contested issues was "[w]hether it is in the best interests of [Reid] for [the] [c]ourt to approve the [d]epartment's plan for his guardianship by [Olive Gatt]."[3] However, no guardianship petition pursuant to G. L. c. 201, § 5, was ever filed.

The trial proceeded on the G. L. c. 210, § 3, petition; its focus, however, was on the department's goal of guardianship. In line with the department's changed goal, the plan submitted by the department to the judge recommended that Olive Gatt be appointed as the child's guardian.

After hearing the testimony of five witnesses and examining eleven exhibits, the judge issued a memorandum of decision, which contained forty-five findings of fact and ten conclusions of law. Among his findings of fact, the judge specifically found that the department's plan recommending that Olive Gatt be appointed as guardian was "an appropriate plan" for Reid.

Based on his findings, the judge concluded that, as matter of law, there was clear and convincing evidence that the mother did not possess "the present ability, capacity, fitness,

---

[2]The child has filed a brief, also claiming that the judge committed error in denying the motion for relief from judgment. The child does not contest the judge's findings that the mother was an unfit parent.

[3]The only other contested issue enumerated was "[w]hether [the mother] is presently unfit to provide for the care and protection of her child, [Reid]."

or readiness to parent [Reid] and that [Reid's] best interests are served by terminating [the mother's] parental rights." The judge then allowed the department's G. L. c. 210, § 3, petition to dispense with the need for the consent of the parties to the adoption of Reid — even though that was *not* the issue that was the subject of the trial.

As we have previously stated, new counsel for the mother filed a motion for relief from the judgment entered by the court. The motion was based on a claim that trial counsel was ineffective because (1) he did not move for dismissal of the department's G. L. c. 210, § 3, petition once he learned that the department had changed its goal from adoption to guardianship and (2) he did not object at trial to the admission in evidence of the department's plan for guardianship.

After conducting a hearing on the motion, the judge ruled that trial counsel was not ineffective. The judge found that:

> "At all times during the hearing the plan for this child was for guardianship because he is a child that would be termed 'unadoptable.' A joint pretrial memorandum filed as early as April 19, 1991 sets forth the plan was for guardianship.

> "The [G. L. c. 210, § 3,] plan presented to the Court . . . sets forth the [d]epartment's plan for guardianship of [the] minor.

> "Consequently, the mother is not prejudiced by counsel's failure to argue the point."

The judge, therefore, denied the motion for relief from judgment.

On appeal, the mother claims that the judge committed error when he denied her motion because she had established that she had not received the effective assistance of counsel to which she was entitled. *Adoption of Mary*, 414 Mass. 705, 712-713 (1993) (ineffective assistance of counsel claim available in this type of case). We agree that the judge committed error when he denied the motion for relief from judgment.

Our decision, however, is based on a ground not advanced by the mother. See *Commonwealth* v. *Elder*, 389 Mass. 743, 746 (1983) ("we are not confined by the issues or theories advanced by the parties"). Rather, we hold that the judge erroneously entered a decree based on an issue that was not before the court and, therefore, it was an abuse of discretion not to allow the motion for relief from judgment.

Although neither the Massachusetts Rules of Civil Procedure nor the Massachusetts Rules of Domestic Relations Procedure apply to proceedings to dispense with consent to adoption, see *Adoption of Jenna*, 33 Mass. App. Ct. 739, 741 & n.3 (1992); *Adoption of Theodore*, 36 Mass. App. Ct. 355, 357 n.5 (1994), we proceed by analogy to Mass.R.Civ.P. 60(b)(6), 365 Mass. 828 (1974), and Mass.R.Dom.Rel.P. 60 (b)(6) (1975), which may be used as a "cogent standard." *Care & Protection of Zelda*, 26 Mass. App. Ct. 869, 871 (1989). *Adoption of Theodore*, 36 Mass. App. Ct. at 357 & n.5. See also *Adoption of Pearl*, 34 Mass. App. Ct. 308, 311 (1993). Motions for relief from judgment are "addressed to the discretion of the judge, . . . and the court's action 'will not be reversed on appeal save for abuse.' " *Parrell* v. *Keenan*, 389 Mass. 809, 815 (1983), quoting from *Clarke* v. *Burkle*, 570 F.2d 824, 830 (8th Cir. 1978). In ruling on a rule 60(b) (6) motion, a judge may consider, among other factors, whether extraordinary circumstances exist to warrant such relief and " 'whether the substantial rights of the parties in the matter in controversy' will be affected by granting the motion." *Parrell* v. *Keenan*, *supra*, quoting from *United States* v. *Cato Bros.*, 273 F.2d 153, 157 (4th Cir. 1959). "In essence, rule 60(b) (6) vests 'power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.' " *Parrell* v. *Keenan*, *supra*, quoting from *Klapprott* v. *United States*, 335 U.S. 601, 615 (1949).

Here, the record shows that although the department's petition requested the dispensing of the need of the parents' consent to adoption, the parties agreed to try the matter as if the department had instead filed a guardianship petition. It is

clear from the record and from his findings denying the motion for relief from judgment that the judge was well aware of the change in goals and, at least impliedly, agreed that the trial should be held on the guardianship issue. The decree, however, does not reflect the parties' understanding but rather decides an issue not before the court.

"Serious problems may be created whenever a judge bases a decision on an issue that is not before the court." *Messina v. Scheft*, 20 Mass. App. Ct. 945, 946 (1985). See *National Med. Care, Inc.* v. *Zigelbaum*, 18 Mass. App. Ct. 570, 579 (1984). Certainly, a decree or judgment should decide only those issues or matters that are before the court. That did not occur here. Therefore, in order to accomplish justice in this matter, the judge should have allowed the mother's motion.

The department argues that the decree was supported by clear and convincing evidence that the mother was currently unfit to further the child's best interests, see *Adoption of Carlos*, 413 Mass. 339, 348 (1992), and that the child's substantial rights, but not the mother's, would be affected if we reverse the judge's order denying the motion for relief from judgment.

We agree with the department that there was clear and convincing evidence to support the judge's findings that the mother was currently unfit to further the child's best interests and that a decree allowing the department's G. L. c. 210, § 3, petition would have been proper — *if that had been the issue that was tried*. In these circumstances, it is not in the interests of justice to consider whether the substantial rights of the parties would be affected by the granting of the motion for relief from judgment. The decree, because it is based on an issue not before the court, is irrelevant. Parties cannot be bound by an irrelevant decree or judgment. We note that the mother was clearly prejudiced by the decree because as a result she "no longer has the power to prevent the termination of . . . [all] rights, duties, and other legal consequences of . . . [her] relation to . . . [her] child." *Adoption of Gwendolyn*, 29 Mass. App. Ct.

130, 134 (1990), quoting from *Petition of the Dept. of Social Servs. to Dispense with Consent to Adoption*, 391 Mass. 113, 119 (1984). A decree appointing a guardian, even where the parent is deemed unfit, would not necessarily have that result. *Bezio* v. *Patenaude*, 381 Mass. 563, 576 n.9 (1980).

At argument, the suggestion was made that perhaps we could vacate the decree and order the judge to issue a new decree appointing Olive Gatt as Reid's guardian. However, a considerable time has passed since the entry of the decree and we do not know the current fitness of the mother or the present circumstances of the persons concerned, including Olive Gatt. Further, if we order the issuance of a new decree allowing guardianship, it may appear that we approve the procedure adopted here — the parties agreeing to try the question whether guardianship is in the best interests of a child where only a G. L. c. 210, § 3, petition has been filed. We emphatically do not approve of such a procedure. If the department changes its goal as it did here, it should bring a separate G. L. c. 201, § 5, petition and enter a voluntary dismissal of the G. L. c. 210, § 3, petition. Custody matters are too important to permit the "short cuts" that the parties allowed to happen here.

Therefore, the decree allowing the department's G. L. c. 210, § 3, petition is vacated and the matter is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*