JOHN T. HAFFEY vs. HOWARD J. ROCK, individually and as
trustee,[1] & another[2] (and a companion case[3]).

No. 08-P-1027.

Middlesex. April 13, 2009. - November 4, 2009.

Present: BERRY, MILLS, & RUBIN, JJ.

*Judgment,* Relief from judgment, Correction of judgment. *Practice, Civil,*
Relief from judgment, Correction of judgment.

A Superior Court judge appropriately invoked Mass.R.Civ.P. 60(a) to enter
judgment in a 1989 action in order to correct an oversight arising from a
clerk's failure to enter judgment in accordance with the intent of the court
at that time. [689-690]

A Superior Court judge hearing a motion to vacate or amend the judgment in
a civil action properly granted the motion pursuant to Mass.R.Civ.P. 60(b)(6),
where the grounds for relief arose from extraordinary circumstances, i.e., a
prior judgment on identical claims, and the court's interests in the finality
of that judgment. [690-692] RUBIN, J., dissenting.

CIVIL ACTION commenced in the Superior Court Department on
December 7, 1989.

Entry of final judgment was ordered by *Herman J. Smith, Jr.,*
J., on March 3, 2008.

CIVIL ACTION commenced in the Superior Court Department on
May 10, 2005.

Motions to vacate or to amend the judgment and to dismiss
or for summary judgment, filed on November 28, 2007, were
heard by *Herman J. Smith, Jr.,* J.

*L. Richard LeClair, III,* for the plaintiff.
*Thomas M. Neville* for the defendants.

[1]Of the Westgate Road Realty Trust, a reach and apply defendant.

[2]Martin J. Coleman, Third.

[3]The companion case differs only in that it names Rock as a defendant both
individually and as trustee of the Westgate Road Realty Trust, and seeks to
reach and apply Rock's beneficial interest in that trust.

BERRY, J. In this consolidated appeal, plaintiff John T. Haffey appeals from two judgments entered in two Superior Court actions in which he sought to recover on a $50,000 promissory note personally guaranteed by the defendants, Howard J. Rock, individually and as trustee of the Westgate Road Realty Trust; and Martin J. Coleman, III (collectively, defendants).

*Background.* In 1987, the defendants created a realty trust to acquire and to develop a parcel of land in Hull. Haffey participated in the venture and received a $50,000 subordinated note in which the defendants promised to pay the outstanding principal and interest by March, 1989. The venture failed and Haffey was not paid by the defendants.

In December, 1989, Haffey filed an action in Superior Court seeking to recover on the note (the 1989 action). On February 1, 1991, on the eve of trial,[4] the parties appeared in the Superior Court and reported to a judge that the case had settled. The judge entered an order on that same date, entitled "[O]rder for entry of dismissal nisi," which provided as follows:

> "The above entitled action was called on the jury trial list before the court, . . . and thereupon was reported settled to the court by counsel of record. Wherefore, it is ordered that the agreement for judgment be filed in the clerk's office within thirty days from the date of this order. If said agreement is not filed within said time the clerk is hereby *directed* to prepare, sign and enter judgment dismissing the complaint, *with prejudice* and without costs as to any and all claims" (emphasis supplied).

The parties never submitted the agreement for judgment, and the clerk never entered the judgment of dismissal as directed by the judge. In June, 1991, several months after the nisi period expired, Coleman filed a suggestion of bankruptcy in the Superior Court with a request for a continuance; no action ever was taken on that request. Coleman's bankruptcy petition was dismissed in May, 1992, but the Superior Court was not notified.

That is how matters stood until May 10, 2005, when Haffey commenced another action against the defendants, seeking to collect on the same guarantees for the same note (the 2005

---

[4]Trial was scheduled for February 4, 1991.

action). The defendants served on Haffey a motion to dismiss the complaint based on statute of limitations grounds, and Haffey served his response pursuant to Superior Court Rule 9A. However, the Superior Court docket does not reflect that the motion ever was filed.[5] The case eventually was scheduled for a pretrial conference; the defendants did not appear and were defaulted on September 27, 2006. On October 10, 2006, the defendants served on Haffey a motion to remove the default, alleging that counsel had not received notice of the pretrial conference. The motion was filed (with opposition) on November 10, 2006, and was denied the same day by a second judge because it was unaccompanied by an affidavit of counsel. The defendants immediately, on November 13, 2006, filed a motion to reconsider, accompanied by counsel's affidavit, but the judge again refused to remove the default because "the defendants have not established that they have a meritorious defense."[6] That same day, the judge allowed Haffey's motion for entry of default judgment in the amount of $50,000, plus interest. Haffey's counsel was instructed to submit a request for attorney's fees. After a hearing on assessment of damages, the second judge, on May 8, 2007, entered judgment for Haffey in the amount of $108,691.36, plus $6,412.50 in attorney's fees.

The defendants timely appealed, and the case was entered on our docket. Shortly after the appeal of the 2005 action was entered, the defendants, represented by new counsel, filed a motion to stay appellate proceedings, seeking leave to file a motion to vacate or to amend the judgment in the Superior Court. The motion was allowed by a single justice, and appellate proceedings were stayed.

The defendants' motion to vacate or to amend the judgment, filed on November 28, 2007, alerted the Superior Court, for the first time, that a prior action, the 1989 action, seeking the same relief, had been filed, and that a judge had ordered that judg-

---

[5]The parties dispute whether the motion was filed: Haffey claims he never received notice from the defendants that it had been filed, and defense counsel asserts he filed it.

[6]The only defense asserted by the defendants was the statute of limitations. The defendants argued that the six-year statute of limitations for actions to enforce a contract long had expired, but the contract had been executed under seal, and consequently, a twenty-year limitations period applied. See G. L. c. 260, § 1.

ment enter for the defendants in that action sixteen years earlier. The defendants also filed a motion to dismiss or, in the alternative, for summary judgment, claiming the 2005 action was barred under the doctrine of res judicata.

A third Superior Court judge ruled that the "order for entry of dismissal nisi" had terminated the 1989 action and that all that was left to do was to correct the clerk's omission by ordering the entry of final judgment pursuant to Mass.R.Civ.P. 60(a), 365 Mass. 828 (1974). The judge then allowed the defendants' motion to dismiss or for summary judgment, pursuant to Mass. R.Civ.P. 60(b), holding that the judgment in the 1989 action had preclusive effect, barring the virtually identical 2005 action. Judgment entered against Haffey in both actions, and he timely appealed. The two appeals were consolidated.[7]

*Analysis.* Because the third judge correctly resolved this procedural quagmire, which at least initially was created by Haffey's failure to follow through with the court in his 1989 action and to enforce the putative settlement, we affirm both judgments.

*The 1989 action.* We first address the propriety of the third judge's action, entering judgment pursuant to Mass.R.Civ.P. 60(a)[8] in the 1989 action. The two interrelated analyses in determining whether rule 60(a) relief appropriately may be granted are "whether the judgment reflects the intent of the court at the time it was entered; and . . . whether the relief requested is essentially 'clerical' in nature rather than 'substantive' in nature." *Gagnon* v. *Fontaine*, 36 Mass. App. Ct. 393, 396 (1994) (applying identical rule of domestic relations procedure). Here, contrary to Haffey's argument, the first judge's intention could not have been more explicit.[9] The order of dismissal nisi "directed" the clerk to enter judgment dismissing the complaint with prejudice if the settlement agreement was

---

[7]After the motion to vacate was allowed and judgment entered in the two actions, the defendants' appeal of the 2005 action eventually was dismissed.

[8]Rule 60(a) provides, in part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

[9]Haffey appears to rely on a discrepancy in the docket wherein the docket entry did not indicate the dismissal was with prejudice. Obviously, the order endorsed by the first judge is the operative document, and any error in the transposition of the language by a clerk is not controlling.

not filed within thirty days. It is undisputed that the settlement agreement was not filed within the period required by the court order. It was incumbent upon the clerk at that point to enter judgment in accordance with the judge's direction. See *Patrick v. Dunbar*, 294 Mass. 101, 104 (1936) (the clerk is "a ministerial officer . . . [who] is subject to the direction of the courts in the performance of his duties"). Rule 60(a) appropriately was invoked to correct this clerical oversight.

*The 2005 action.* "A motion for relief under rule 60(b) is directed to the sound discretion of the motion judge, and we review the judge's ruling for abuse of discretion." *Nortek, Inc. v. Liberty Mut. Ins. Co.*, 65 Mass. App. Ct. 764, 775 (2006). "The exercise of discretion in this area involves the 'absence of arbitrary determination, capricious disposition, or whimsical thinking.' " *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 433 (1979), quoting from *Davis* v. *Boston Elev. Ry.*, 235 Mass. 482, 496 (1920).

Haffey argues that the motion to vacate or to amend the judgment in the 2005 action, apparently treated by the third judge as a motion pursuant to Mass.R.Civ.P. 60(b)(6),[10] should have been treated as one pursuant to Mass.R.Civ.P. 60(b)(1).[11] In our view the motion appropriately was granted pursuant to rule 60(b)(6).

While, ordinarily, relief pursuant to rule 60(b)(6) is not available if the reason for relief falls under rule 60(b)(1), see *Chavoor* v. *Lewis*, 383 Mass. 801, 805-806 (1981), "where there is 'something more' than [the ground stated in rule 60(b)(1)], rule 60(b)(6) relief may be appropriate." *Owens* v. *Mukendi*, 448 Mass. 66, 73 (2006). "The question is whether what occurred . . . constitutes 'something more' than the grounds for relief set

---

[10]The defendants' motion did not specify under which subparagraph of rule 60 the defendants were proceeding. While the memorandum of decision did not address the parties' dispute as to which subparagraph applied, the judge stated at the conclusion of his memorandum that "justice requires" that the default judgment be vacated, and cited Mass.R.Civ.P. 60(b)(6).

[11]As relevant here, rule 60(b)(1) provides that " 'the court may relieve a party or his legal representative from a final judgment' due to 'excusable neglect.' " *McIsaac* v. *Cedergren*, 54 Mass. App. Ct. 607, 609 (2002). Much is made of the defendants' failure earlier to raise the defense of res judicata. Such obligation did not arise under Mass.R.Civ.P. 8(c), 365 Mass. 749 (1974); 12(b)(9), as amended, 450 Mass. 1403 (2008); or 12(h)(1), as appearing in 450 Mass. 1403 (2008), as the defendants never filed a responsive pleading.

out in rule 60(b)(1). . . , giving rise to extraordinary circumstances." *Ibid.* The "something more" present here is the existence of a prior judgment on identical claims, and the court's (and the parties') interests in the finality of that judgment. This litigation was effectively terminated by the parties on the eve of trial in 1991. To permit a party to attempt to relitigate a matter fourteen years after it had concluded is not in the interest of justice and already has resulted in the waste of scarce judicial resources. See *Basis Technology Corp.* v. *Amazon.com, Inc.*, 71 Mass. App. Ct. 29, 44 & nn.8, 9 (2008). More importantly, to have denied the motion to vacate would have resulted in entirely inconsistent judgments: a judgment in the 1989 action dismissing Haffey's claims and a judgment in the 2005 action granting him complete relief on identical claims. Allowing these inconsistent judgments to stand would put the Superior Court in the untenable position of having to choose which judgment to enforce.[12] Such a result is not consonant with justice or common sense. See *Adoption of Reid*, 39 Mass. App. Ct. 338, 341 (1995), quoting from *Parrell* v. *Keenan*, 389 Mass. 809, 815 (1983) (court has power under rule 60[b][6] "to vacate judgments whenever such action is appropriate to accomplish justice"). See also *Powers* v. *H.B. Smith Co.*, 42 Mass. App. Ct. 657, 660 (1997).

We note, moreover, that even if we were convinced that this matter only could have been treated as one brought pursuant to rule 60(b)(1), we would not simply reverse the judgments. As the third judge did not analyze the motion from this perspective, see *Kniskern* v. *Melkonian*, 68 Mass. App. Ct. 461, 466 (2007), we would remand this matter for consideration of those grounds that properly were before him.[13]

---

[12]In this highly unusual situation, there are three potentially applicable judgments: the May 8, 2007, judgment for Haffey in the 2005 action; the March 3, 2008, judgment for the defendants in the 1989 action; and the March 3, 2008, judgment for the defendants in the 2005 action. As the latter two judgments both favor the defendants, there may be no practical consequence were we to reverse the allowance of the motion to vacate and resurrect the May 8, 2007, judgment. Indeed, once the third judge determined, in the exercise of his discretion, that judgment should enter in the 1989 action in accordance with the dismissal nisi order, his allowance of the motion to vacate and application of res judicata to the 2005 action could be viewed as merely an attempt to make the judgments consistent.

[13]There is no question here of the timeliness of the motion to vacate, if

We have considered Haffey's remaining contentions and find them without merit.[14]

*Judgments affirmed.*

RUBIN, J. (dissenting). Assertion of a new legal theory that counsel failed to raise during the litigation of a case, with no explanation for counsel's failure to raise it, is not, without more, a sufficient reason for granting relief under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), from a final judgment. Because that is all that is at issue here, I respectfully dissent.

The defendants' rule 60(b) motion to vacate put forward a new legal theory — that the 1989 judgment was res judicata to the 2005 action — without any explanation or excuse for counsel's failure to raise that defense before final judgment entered against the defendants on May 8, 2007 (May 8, 2007, judgment). See Mass.R.Civ.P. 60, 365 Mass. 828 (1974).

The defendants claim that they filed a motion to dismiss. Although it was served on Haffey, the docket does not reflect its having been filed. See *ante* at 688 & note 5. In any event, neither the motion nor the memorandum in support thereof put forward a res judicata defense, arguing instead only that the 2005 action was barred by the statute of limitations. The defendants then were defaulted, after their counsel failed to appear for a pretrial hearing that had been rescheduled to a date the defendants themselves had requested.[1]

The defendants subsequently had two opportunities before final judgment entered against them to raise their res judicata

brought pursuant to rule 60(b)(1), as it was filed within one year of the entry of final judgment, on May 8, 2007.

[14]Haffey argues that neither the dismissal nisi order nor the judgment in the 1989 action could have preclusive effect on the 2005 action because the judgment in the 2005 action was entered before judgment entered in the 1989 action. This argument ignores that the default judgment in the 2005 action was vacated by the third judge before application of the preclusive effect of the judgment in the 1989 action. Haffey also argues that the dismissal nisi order should not be given preclusive effect. Here, however, the third judge ordered the entry of judgment in accordance with the express direction in the dismissal nisi order, and then gave the ensuing judgment preclusive effect.

[1]The defendants do not dispute that the hearing was rescheduled to the date they requested, but claim they did not receive notice of the hearing.

defense. They first filed a motion to remove default, which was denied because it was unaccompanied by an affidavit of counsel. They then filed a motion for reconsideration. The second judge granted reconsideration, but ultimately denied the requested relief, removal of the default, because he concluded that the defendants had failed to show a meritorious defense; the judge then allowed Haffey's motion for entry of default judgment. At each of these opportunities, the defendants argued only (and incorrectly, see *ante* at note 6) that the action was barred by the statute of limitations.

The motion to vacate does not specify under what subsection of rule 60(b) it was brought. Rule 60(b)(1) provides for relief from judgment in cases of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) provides for relief from judgment for "any other reason justifying relief from the operation of the judgment," Mass.R.Civ.P. 60(b)(6), *"other* than those stated in subdivisions (1) through (5)" of rule 60(b), *Chavoor* v. *Lewis*, 383 Mass. 801, 806 (1981).

The defendants argue that their motion to vacate was properly considered under rule 60(b)(6). They urge that an examination of the motion and the memorandum in support thereof demonstrates that theirs was not a motion pursuant to rule 60(b)(1). They argue that they did not mention either rule 60(b)(1) or any excusable neglect. They say that "[t]he existence of a prior adjudicated case was the heart of defendants' case."

This argument does not help the defendants: it demonstrates that the motion to vacate was designed solely to excuse counsel's failure — in the words of rule 60(b)(1), counsel's "neglect" — to raise the res judicata defense before the May 8, 2007, judgment entered against the defendants. A claim for relief from judgment based solely on counsel's failure to assert a legal theory during the litigation of a case is squarely covered by rule 60(b)(1), which permits relief from judgment where the neglect is "excusable." In order for rule 60(b)(6) to apply, as the majority recognizes, *ante* at 690, a motion for relief from judgment must put forward "something more" than a claim of mere neglect. See *Owens* v. *Mukendi*, 448 Mass. 66, 73 (2006).

Because the motion to vacate was based solely on counsel's failure prior to final judgment, despite repeated opportunities, to raise what the defendants assert is a meritorious defense, it

could have been considered only under rule 60(b)(1). The defendants' failure to provide any explanation in the memorandum accompanying the motion for not asserting their res judicata defense at any timely juncture during the litigation of this case does not demonstrate that the motion was a proper rule 60(b)(6) motion. Rather, it amounts to a failure to put forward any meritorious excuse for counsel's neglect that might justify relief from judgment under rule 60(b)(1).

Some jurisdictions have allowed rule 60(b)(6) motions in such circumstances, but our court has said, "If a motion timely brought under rule 60(b)(1) may succeed only for 'excusable neglect,' it defeats the rule to permit it to be circumvented in clause (6) in cases of altogether inexcusable neglect." *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. 729, 732 (1989). The *Tibbitts* rule applies at least where a new legal theory put forward by a party is not jurisdictional, and a claim of res judicata is not jurisdictional. Even assuming the "order for entry of dismissal nisi" in the 1989 action has preclusive effect, a question I would not reach, its entry did not deprive the Superior Court of jurisdiction to hear the instant action. See, e.g., *Bordonaro* v. *Vandenkerckhaven*, 322 Mass. 278, 282 (1948); *Brash* v. *Brash*, 407 Mass. 101, 104 n.4 (1990).[2]

What the majority describes as "something more" than a claim of mere neglect — the existence of a prior judgment on identical claims — simply restates the legal theory that the defendants neglected to put forward prior to the entry of final judgment. Given the defendants' utter failure to explain their poor litigation of this case prior to the entry of the May 8, 2007, judgment, the interest to which the majority adverts in the finality of judgments cuts in favor of reversal here, not affirmance.

The case might be different if the defendants were claiming that there would be double recovery if the May 8, 2007, judgment were not vacated, or if the defendants were claiming that they already had complied with whatever the settlement agree-

---

[2]To the extent the majority holds that the date of final judgment in the 1989 action was March 3, 2008, *ante* at notes 12, 14, rather than thirty days from the date of the 1991 order of dismissal nisi, the judgment in the 1989 action could of course have no preclusive effect in the 2005 action, in which judgment entered on May 8, 2007, because the subsequently entered March 3, 2008, judgment was not a "prior judgment." Cf. *ante* at 691.

ment provided. The injustice of allowing that judgment to stand in such circumstances might well provide " 'something more' than one of the grounds [for relief] stated in rule 60(b)(1)," such that rule 60(b)(6) relief would be appropriate. *Owens* v. *Mukendi*, 448 Mass. at 73.

But the defendants do not assert they complied with the settlement agreement. In their motion to vacate, they said only, "[I]f it is the position of the plaintiff that the terms of the settlement were never consummated, then his proper course of action was to file an action to enforce the settlement, not a new action based on the old allegations." Because the defendants thus have put forward in support of their rule 60(b) motion only a legal argument that they could have raised, but did not, prior to the entry of the May 8, 2007, judgment, and because they have provided no explanation for their failure, I would reverse the order granting the defendants' motion to vacate. Consequently, I respectfully dissent.